IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RENTAL PRO, | ) ) |
| Defendant. | ) ) ) |

CIVIL ACTION NO.

**C O M P L A I N T**

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Ronald Johnson ("Johnson"). As alleged with greater particularity in paragraphs 12 and 13 below, Defendant Rental Pro ("Defendant") discharged Johnson from his employment because of his age, fifty five (55).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and § 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Kentucky.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Rental Pro (the "Defendant"), a Kentucky corporation, has continuously been doing business in the State of Kentucky and the City of Somerset, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Rental Pro has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Johnson filed a charge with the Commission alleging violations of the ADEA by Defendant Rental Pro.

7. On March 31, 2015, the Commission issued to Defendant Rental Pro a Letter of Determination finding reasonable cause to believe that the ADEA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

8. The Commission engaged in communications with Defendant Rental Pro to

provide the company the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Rental Pro a conciliation agreement acceptable to the Commission.

10. On July 22, 2015, the Commission issued to Defendant Rental Pro a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. On or about January 30, 2014, Defendant Rental Pro engaged in unlawful employment practices at its Somerset, Kentucky location in violation of the ADEA, 29 U.S.C. § 623 (a) (1).

13. On or about January 30, 2014, Rental Pro, through its owner Doug Jones, terminated Johnson's employment because of his age, fifty five (55). Prior to the discharge, Jones told the store supervisor to terminate Johnson and to look for someone "younger and peppier" in the spring. Jones made other similar age-based comments prior to discharging Johnson. Rental Pro hired a younger employee shortly after Johnson's termination.

14. The unlawful employment practices complained of in paragraphs 12 and 13 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant Rental Pro, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating employees because of their age.

  B. Order Defendant Rental Pro to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a judgment requiring Defendant Rental Pro to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Ronald Johnson whose wages are being unlawfully withheld as a result of the acts complained of above.

  D. Order Defendant Rental Pro to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to the reinstatement of Ronald Johnson.

  E. Grant such further relief as the Court deems necessary and proper in the public interest.

  F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        s/ Laurie A. Young
        LAURIE A. YOUNG
        Regional Attorney

s/ Michelle Eisele
MICHELLE EISELE
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Indianapolis District Office
101 W. Ohio St., Suite 1900
Indianapolis, IN 46204-4203

s/ Kenneth W. Brown
KENNETH W. BROWN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Louisville Area Office
600 Martin Luther King, Jr.
Place Suite 268
Louisville, Kentucky 40202-2285
(502) 582.5440 (Direct Dial)
(502) 582.5435 (Facsimile)
E-mail: Kenneth.Brown@eeoc.gov